OPINION. Withet, Judge: Eespondent has determined that the trust and profit-sharing plan of petitioner were neither formed nor operated for the exclusive benefit of its employees within the meaning of section 165 (a) of the 1939 Code,[1] and therefore that amounts contributed by petitioner to the trust during 1949 and 1950 are not deductible under section 23 (p) of the 1939 Code.[2] Petitioner contends that its employees’ trust and profit-sharing plan were formed for the exclusive benefit of its employees and that it is entitled to deduct its cash contributions to the trust in the amounts of $30,466.86 and $88,269.27 for 1949 and 1950, respectively. Petitioner contends in the alternative that it is entitled to deduct the face amounts of the promissory notes contributed to the trust during 1949 and 1950. In support of its position, petitioner relies on the decision of the United States Court of Appeals for the Sixth Circuit in H. S. D. Co. v. Kavanagh, 191 F. 2d 831. There, as here, the taxpayer established a profit-sharing plan for its employees, submitted the plan to the Commissioner, and obtained a ruling approving the plan as exempt within the provisions of section 165 (a) of the 1939 Code. Subsequently, a succeeding Commissioner reexamined the plan and, on the same facts as originally presented, ruled that the plan discriminated in favor of officers and higher-paid employees of the company, was not operated for the exclusive benefit of the employees, and did not qualify under section 165 (a). Consequently, the Commissioner determined that the amounts contributed by the taxpayer to the plan were not deductible from its gross income in the computation of its income tax liability. The Court of Appeals first found that the plan was not discriminatory in its operation as the Commissioner had determined and further held, at page 846: Under the foregoing circumstances, and especially because of the fact that the Commissioner was given the unusual power by Congress to approve the plan and trusts and did so at various times during the course of the years, with full knowledge of all details relating to them and their operations, we are of the opinion that the Commissioner, in this ease, was bound by the prior decisions of his predecessor that the plan complied with Section 165 (a) of the Internal Revenue Code, as amended, and that the trusts were exempt. Inasmuch as the Commissioner’s decision in H. S. D. Co., supra, to revoke the earlier ruling of his predecessor in office was not based on an examination of newly discovered evidence relating to the actual operation of the taxpayer’s profit-sharing plan, but represented simply a reconsideration of the identical facts originally furnished by the taxpayer, we are of the opinion that the decision of the Court of Appeals for the Sixth Circuit in H. S. D. Co., supra, is distinguishable from the situation here in issue. That a stock bonus and profit-sharing plan must qualify in its operation as well as in its formation in order to be exempt under section 165 (a) of the 1939 Code is clear from the House Committee Eeport accompanying the amendment of that section by the Eevenue Act of 1942.[3] Accordingly, it is incumbent upon petitioner herein to demonstrate that the trust and profit-sharing plan here in question were operated exclusively for the benefit of its employees. The facts, that petitioner’s plan requires the investment of 80 per cent of the trust assets in the securities of petitioner, if available, that the trust is controlled and administered by petitioner’s officials, and that from the face of the trust instrument it appears that the creation of the plan was motivated by tax considerations, were known to the respondent prior to the issuance of his ruling on May 28,1945, approving the plan. However, a trust which is so formed must be administered with scrupulous care and with the utmost good faith toward the employees if it is to continue to qualify as a trust operated exclusively for the benefit of petitioner’s employees. The record discloses that the administration of petitioner’s trust and profit-sharing plan was deficient in several particulars and that the terms of the plan, as set forth in the instrument executed on May 14,1945, were violated in a number of instances. The trustees were required by the plan to keep accurate and detailed records of the administration of the trust and to make such records available for inspection at all reasonable times. However, the trustees failed to keep books and accounts during the first 2 years after the commencement of the plan. Moreover, they were not aware of the benefits which had become payable to terminated employees as of December 31, 1949, until they were so notified by their public accountant on November 18, 1950. Further, no distributions were made to such employees until June 16, 1955, approximately 60 days prior to the hearing herein. Petitioner was required by the plan to contribute to the trust each year an amount equal to 25 per cent of its net income for that year but not to exceed 15 per cent of the aggregate compensation of all participating employees. Such contributions were to be either in the form of preferred stock of petitioner or cash. However, for the years ended November 30,1947, and December 31,1948, no cash or preferred stock contributions were made to the trust. Instead, petitioner delivered to the trust 2 promissory notes payable on demand, in the amounts of $30,466.86 and $66,342.82, for 1947 and 1948, respectively. The contribution of such notes to petitioner’s profit-sharing plan, in violation of the terms of the plan, does not constitute a payment to the employees’ trust, deductible under section 23 (p) of the 1939 Code. Logan Engineering Co., 12 T. C. 860; Slaymaker Lock Co., 18 T. C. 1001, revd. 208 F. 2d 313. On August 8,1950, when it became apparent to the trustees that it would be impossible to invest $87,710 (approximately 80 per cent of the value of the 2 notes previously delivered to the trust during that year) in cumulative preferred stock of petitioner, that amount was retained by petitioner, thus diverting for the use of petitioner a portion of the corpus of the trust. The trust investments consisted entirely of petitioner’s securities. Dividends earned by the trust on its investment in petitioner’s stock for 1945, 1946, and 1947 were not paid to the trust until April 12,1948. The deductions claimed by petitioner as payments to the employees’ trust in the amounts of $109,636.45 and $88,269.27 for 1949 and 1950, respectively, are substantially in excess of 15 per cent of the aggregate compensation of all participating employees during those years. None of the aforementioned facts relating to the operation of petitioner’s profit-sharing plan were known to the respondent at the time of the issuance on May 28,1945, of the ruling approving the plan. In view of the foregoing developments in the administration of the plan, we are of the opinion that it was not operated exclusively for the benefit of petitioner’s employees. We therefore hold that none of the payments made by petitioner to the employees’ trust during 1949 and 1950 are deductible from gross income under section 23 (p) of the 1939 Code. Decision will be entered wider Bule 50. SEC. 165. EMPLOYEES’ TRUSTS. (a) Exemption From Tax. — A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of his employees or their beneficiaries shall not be taxable under this supplement and no other provision of this supplement shall apply with respect to such trust or to its beneficiary— (1) if contributions are made to the trust by such employer, or employees, or both, for the purpose of distributing to such employees or their beneficiaries the corpus and income of the fund accumulated by the trust in accordance with such plan ; (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust, for any part of the corpus or income to be (within the taxable year or thereafter) used for, or diverted to, purposes other than for the exclusive benefit of his employees or their beneficiaries; SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: **•*••• (p) Contribution op an Employer to an Employees’ Trust or Annuity Plan and Compensation Under a Deferred Payment Plan.— (1) General rule. — If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, » * * such contributions or compensation » * * shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection but only to the following extent: ******* (C) In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165 (a), in an amount not in excess of 15 per centum of the compensation otherwise paid or accrued during the taxable year to all employees under the stock bonus or profit-sharing plan. H. Rept. No. 2333, 77th Cong., 2d Sess. (1942), pp. 103, 104 : In order to Insure that stock bonus, pension, or profit-sharing plans are operated for the welfare of employees in general, and to prevent the trust device from being used for the benefit of shareholders, officials, or highly paid employees, * * * [Emphasis added.]